DEBORAH A. PURNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Purnell v. Commissioner
Docket No. 35653-85
United States Tax Court
T.C. Memo 1993-593; 1993 Tax Ct. Memo LEXIS 609; 66 T.C.M. (CCH) 1587; December 15, 1993, Filed *609 Decision will be entered for respondent. Deborah A. Purnell, pro se. For respondent: Debra Lynn Reale. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181 and 182. [1] Respondent determined a deficiency in petitioner's 1983 Federal income tax in the amount of $ 2,493, together with an addition to tax under section 6653(a)(1) in the amount of $ 125 and under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 2,493. The sole issue for our decision is the amount, if any, of a contribution deduction to which petitioner is entitled. Some of the facts have been stipulated and they are so found. Petitioner resided at West Covina, California, when she timely filed her petition herein. Petitioner, Debra A. Purnell, claimed a deduction in *610 the amount of $ 12,000 as a contribution to the Kingdom of God Headquarters on her 1983 Federal income tax return. Respondent, by notice of deficiency, disallowed the entire deduction. Respondent's stated grounds were that the Kingdom of God Headquarters Church was not a qualified organization pursuant to section 170(c) and that petitioner had not established that the payments were in fact made, or if made, constitute charitable contributions. In this case, the parties entered into a stipulation to be bound by the final decisions in docket Nos. 19693-84, 18876-85, 6444-85, 18435-85 and 20441-83. The decisions in those cases, , are now final. In the earlier Purnell case, we held that the Kingdom of God Headquarters Church (hereafter the Kingdom) was in fact an organization qualified within the meaning of section 170(c). Since the parties were unable to agree to a stipulated decision pursuant to the stipulation to be bound, we set this matter specially for trial "for the sole purpose of determining the amount of deductible charitable contributions made by petitioner for the year 1983." Further, at the *611 trial herein we made it clear that both parties were bound by our earlier determination that the Kingdom was a qualified organization pursuant to section 170(c), and that the only issue to be decided was the amount of contributions petitioner made to the Kingdom during 1983. Petitioner bears the burden of proving that respondent's determination of a deficiency is incorrect. Rule 142(a); . The Secretary of the Kingdom Church, Ms. Tolson, testified that petitioner always contributed in cash to the Kingdom, that she usually, but not always, would place the cash in an envelope, and that the Secretary would fill out an envelope for her records. Ms. Tolson could not recall whether she still had the envelopes for 1983, or in fact whether they used envelopes during that year. If not, she stated she would keep a tally of contributions. Ms. Tolson did not, however, have either envelopes or tally sheets available for the Court. [2] The only evidence placed before the Court by petitioner was a letter dated March 21, 1984, signed by Ms. Tolson as Secretary of the Kingdom, that petitioner "contributed $ 12,000.00, and more, *612 of the talents committed unto her by God, to the Kingdom of God Headquarters in the year called A.D. 1983".
Petitioner did not place into evidence any contemporaneous records of cash gifts she might have made to the Kingdom. We note that petitioner, a single parent, reported gross wages and salaries of $ 28,617.12 on her 1983 Federal income tax return. She listed her father [3] and son as dependents, and claimed sales tax deductions (from the tax tables) of $ 372 and on motor vehicles of $ 426.40. She also claimed interest deductions of $ 632.03 and child care credits of $ 480.00. We give full credence to petitioner's claim that she shared living accommodations with others in order *613 to cut back her costs of living, but we nevertheless find it inherently incredible that she contributed $ 12,000 in cash to the Kingdom. We note that the letter signed by Ms. Tolson refers to a contribution of $ 12,000, "and more, of the talents committed unto her by God", leaving some question in our minds as to whether some of the amount claimed consists of petitioner's services. Further, she has provided us with no information whatsoever upon which we might determine an approximation of the amount of cash or property she contributed, if any, (see (2d Cir. 1930)), although we do believe that she made at least some contributions of her services to the Kingdom. Accordingly, we must hold that petitioner has failed in her burden of proving a right to a contribution deduction. Petitioner presented no testimony or proof regarding *614 the imposition of the addition to tax for negligence. Respondent determined that petitioner was liable for additions to tax for negligence under section 6653(a)(1) and (2). Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination that petitioner's underpayment of tax was due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." , affg. . Petitioner therefore bears the burden of proving that she is not liable for the additions to tax. Rule 142(a); ; . She has failed to meet her burden. Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It is fair to infer from the failure to introduce these items into evidence that they would not support petitioner's contention that she made the disputed contributions. , affd. .↩
3. The Court notes that petitioner's father, the Reverend Emmanuel, is the pastor of the Kingdom of God Headquarters Church.↩